959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry OWENS, Defendant-Appellant.
 No. 91-4161.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1992.
 
 Before KEITH and SILER, Circuit Judges, and BERTELSMAN, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant-appellant, Terry Owens ("Owens"), appeals the sentence imposed following his guilty plea to one count of using a false social security number in violation of 42 U.S.C. § 408(g)(2). The district court sentenced Owens to five months imprisonment, five months in a halfway house and three years of supervised release. We AFFIRM the sentence imposed based upon the following reasons.
 
 I.
 
 2
 An information was filed in the United States District Court for the Southern District of Ohio on May 9, 1991, charging Owens with intentionally using a false social security number for the purpose of obtaining credit in violation of 42 U.S.C. § 408(g)(2). On July 10, 1991, Owens waived indictment and entered a plea agreement to a one-count information charging him with intentionally using a false social security number to obtain one credit card. The United states agreed not to bring any other charges against Owens for using the false social security number to fraudulently obtain other credit cards.
 
 
 3
 The Presentence Report noted that the subject of the charge was a Mileage Plus First Card VISA which had an existing balance of $2137. The presentence report further noted that Owens had fraudulently obtained fifteen (15) credit cards using the same false social security number. The aggregate outstanding balance on all of the credit cards totalled $26,647 as of November 13, 1990. The initial base offense level was computed at level six (6). This base level was increased by four, using the relevant conduct guideline [U.S.S.G. 1B1.3], because the total loss involved in the case was more than $20,000 but less than $40,000. See U.S.S.G. § 2F1.1(b)(1)(E). The report then determined that, because more than one victim was involved, an additional increase of two levels was warranted. A final adjustment for acceptance of responsibility resulted in a two-point reduction for a resulting base offense level of 10. The presentence report added two levels to Owens' criminal history, placing it at a category III because he committed this crime while serving probation for a 1989 conviction. The resulting computation put his guideline range at 10-16 months of imprisonment.
 
 
 4
 On October 1, 1991, Owens filed objections to the presentence report. On November 27, 1991, the district court rejected these objections and adopted the presentence report findings. The district court then sentenced Owens to five months imprisonment, five months in a halfway house, three years supervised release, and ordered restitution to several creditors.
 
 II.
 
 5
 Owens raises two assignments of error on appeal. Owens first asserts that the district court erred when it increased the base offense level by four levels using the uncharged credit card offenses as relevant conduct. Owens also challenges the two level upward adjustment for his criminal history. We address each challenge seriatim below.
 
 A.
 
 6
 Owens argues that the sentencing court erred when it considered criminal conduct for which he was not charged and adjusted his base offense level upward. The increase of four levels was based upon the aggregate charges that Owens made on the credit cards, which exceeded $20,000 but was less than $40,000. Owens asserts that the loss from the charged offense was only $2,137, and his base offense level should be calculated solely on that amount.
 
 
 7
 Section 1B1.3 of the Sentencing Guidelines allows the inclusion of relevant conduct in the computation of the base offense level. This section permits a grouping of all charged and uncharged illegal acts for purposes of loss, if all of the acts involved "the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(b). See also United States v. Ykema, 887 F.2d 697, 700 (6th Cir.1989) ("The commentary to Sec. 2D1.1, as well as an interpretation of the words of Secs. 1B1.2(a) and 1B1.3 ("relevant conduct"), can only mean that a judge can take all conduct into account in sentencing--not just the conduct supporting a specific conviction."), cert. denied, 493 U.S. 1092 (1990).
 
 
 8
 Based on the record, we conclude that the upward adjustment by the sentencing court was not in error. Each of the credit cards secured by Owens involved the use of the same false social security number. Owens presumably sought to obtain each of the cards for his own personal use and did in fact use them in that manner. The district court was, therefore, warranted in the four level upward adjustment as this is relevant conduct as defined within the express language of the sentencing guidelines. Accordingly, this determination is affirmed.
 
 B.
 
 9
 Owens, moreover, challenges his criminal history computation of category III. The presentence report added two points to the criminal history pursuant to U.S.S.G. § 4A1.1(d) because the offense that is the subject of the information occurred while Owens was on probation for an October 1989 conviction for writing a bad check. Owens contends that this was improper because the offense to which he pled guilty, intentionally using a false social security number to obtain a Mileage Plus First Card VISA, occurred on May 18, 1988, prior to the October 1989 conviction.
 
 
 10
 The commentary to section 4A1.1 of the Sentencing Guidelines provides that an increase in the criminal history is allowed if any relevant conduct associated with the offense charged occurred during the time when the defendant is on probation.[1] Owens secured at least some of the fifteen credit cards following his October 1989 conviction. Owens certainly used the credit cards while he served his probationary period for the October 1989 offense. The increase in his criminal history categorization was, therefore, warranted. Accordingly, this determination by the sentencing court is affirmed.
 
 III.
 
 11
 For the foregoing reasons, we AFFIRM the sentence imposed by the Honorable S. Arthur Spiegal, United States District Judge for the Southern District of Ohio, pursuant to the Rule 11 Plea Agreement.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 The legal commentary that accompanies the guideline sections "is to be treated as the legal equivalent of a policy statement." U.S.S.G. § 1B1.7. Congress has mandated that policy statements of the Commission be considered in sentencing. 18 U.S.C. § 3553(a)(5). See also, United States v. White, 888 F.2d 490, 497 (7th Cir.1989)